IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE SCHALLER,                              )
                                              )
        Plaintiff,                            )
                                              )
        v.                                    )
                                              )        Civil Action No. 18-1625
U.S. SOCIAL SECURITY                          )
ADMINISTRATION and ANDREW                     )
SAUL, in his official capacity as Deputy      )
Commissioner for Operations of the            )
Social Security Administration                )
                                              )
        Defendants.                           )

## MEMORANDUM OPINION

Pending before the Court is the Second Motion to Dismiss (ECF No. 39) of Defendants U.S. Social Security Administration and Andrew Saul, Deputy Commissioner for Operations of the Social Security Administration (collectively, "SSA"). SSA seeks dismissal of Plaintiff Leslie Schaller's Supplemental Complaint (ECF No. 36) for lack of subject-matter jurisdiction. For the reasons stated herein, SSA's motion will be granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a Pennsylvania resident and current recipient of benefits under the Supplemental Security Income ("SSI") Program ("SSI Program") of the Social Security Act, 42 U.S.C. § 1381 *et seq.* In this action, she challenges the constitutionality of the SSI Program on the ground that it impermissibly discriminates against residents of Guam. (ECF No. 1.) In her original Complaint, Plaintiff contended that SSI Program eligibility "that turns on the fortuity of residence violates the Equal Protection guarantees of the Fifth and Fourteenth Amendments to the Constitution and the Constitutional guarantee to the Right to Travel." (*Id.* ¶ 1.)

Plaintiff's twin sister, who lives on Guam, suffers from the same debilitating hereditary condition as Plaintiff. (*Id.* ¶ 1.) Her sister does not receive SSI benefits because the SSI Program does not extend to residents of Guam. (*Id.* ¶ 1, 15.) Plaintiff's own condition will eventually progress to a point where she cannot live without someone to look after her. (*Id.* ¶ 37.) At that point, she would either have to move to Guam permanently so that her family could care for her and consequently, lose her SSI benefits, or keep her SSI benefits and become a ward of the Commonwealth of Pennsylvania. (*Id.*) Moreover, if Plaintiff wishes to visit her sister in Guam but resides there for more than thirty consecutive days, she would be deemed to be outside of the United States and would lose her own SSI benefits. (*Id.* ¶ 36.)

SSA moved to dismiss the original complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. (ECF No. 19.) In its accompanying brief, SSA correctly pointed out that although Plaintiff was challenging the constitutionality of Social Security policies, her claims "arose under" the Social Security Act because they relate to her eligibility for SSI benefits. (ECF No. 20 at 4–5) (citing *Heckler v. Ringer*, 466 U.S. 602, 615, 620 (1984); *Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975).) Therefore, SSA argued, binding precedent requires that Plaintiff first "present" her claims to SSA before seeking judicial review. (*Id.* at 4) (citing *Heckler*, 466 U.S. at 617; *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000).) In bringing a facial 12(b)(1) challenge, SSA sought dismissal of the complaint because Plaintiff did not allege that she had "presented" her claims to SSA and received a final decision on those claims before filing this lawsuit. (*Id.*)

Plaintiff subsequently sought and was granted a 45-day extension of time to cure the jurisdictional defect identified by SSA. (ECF Nos. 27, 29.) Thereafter, Plaintiff filed a

supplemental complaint which differs from the initial complaint in two respects. (ECF No. 36.)

First, the Supplemental Complaint includes the following paragraph:

> On June 5, 2019, [Plaintiff] called the Social Security service number. During that conversation, [Plaintiff's] attorney told the SSA operator that [Plaintiff] would need to move to Guam based on an inexorable medical need. He also told the operator that [Plaintiff] plans to visit her sisters in Guam for Thanksgiving and Christmas, a trip that would last at least thirty days. The operator told [Plaintiff] that "she would not be able to get SSI benefits in Guam" and that "there is nowhere in Guam she'd be able to apply." The SSA operator further noted that there was no way to escalate the issue to get a different outcome. In doing so, [Plaintiff] presented the merits of her claim to the SSA, only to be given a final determination that she would lose her benefits should she spend thirty days or more in Guam.

(*Id.* ¶ 7.) In addition, the Supplemental Complaint asserts federal question jurisdiction under § 405(g) of the Social Security Act. (*Id.* ¶ 8.)[1]

SSA now renews its Rule 12(b)(1) motion to dismiss with a factual attack on the Court's subject-matter jurisdiction. (ECF No. 39.) In support of its motion, SSA has submitted the declaration of one of its employees, Raenetta L. Ellison. (ECF No. 40-1 ("Ellison Declaration").) Its motion is fully briefed (ECF Nos. 40, 45, 46) and the Court has heard oral argument. Accordingly, the matter is ripe for disposition.

## II.   STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the subject-matter jurisdiction of the court to address the merits of plaintiff's suit. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *see* Fed. R. Civ. P. 12(h)(3).

The first step in analyzing jurisdictional challenges under a Rule 12(b)(1) motion to dismiss is to determine whether the "motion presents a 'facial' attack or a 'factual' attack on the claim at

---

[1] The original Complaint asserted federal question jurisdiction under 28 U.S.C. §1331.

issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014) (quoting *In re Schering Plough*, 678 F.3d at 243). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). "But a factual 12(b)(1) challenge attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Id.* (citing *Constitution Party of Pa.*, 757 F.3d at 358).

"When considering a factual challenge, 'the plaintiff [has] the burden of proof that jurisdiction does in fact exist,' the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case,' and 'no presumptive truthfulness attaches to [the] plaintiff's allegations. . . .'" *Id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Additionally, under a factual challenge, "a court may weigh and consider evidence outside the pleadings." *Id.* (quoting *Constitution Party of Pa.*, 757 F.3d at 358). In sum, "a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Id.* (citing *Davis v. Wells Fargo*, 824 F.3d 333, 348–50 (3d Cir. 2016)).

Here, SSA's factual 12(b)(1) challenge contests the allegations in the Supplemental Complaint regarding "presentment."

## III.   DISCUSSION

Under Section 405(g), judicial review is limited to an appeal taken from "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). A final decision, therefore, is "central to the requisite grant of subject matter jurisdiction." *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). This requirement encompasses a non-waivable element of prior

presentment of claims to SSA, and a waivable element of exhausting administrative remedies prescribed by SSA. *Heckler v. Ringer*, 466 U.S. 602, 617 (1984). The non-waivable jurisdictional element, presentment, exists to afford SSA "an opportunity to rule on a concrete claim[.]" *Id.* at 622.

In seeking dismissal of the supplemental complaint, SSA argues that Plaintiff's June 5, 2019 phone call falls short of "presenting" her claim and receiving a final decision from SSA.[2] On the other hand, Plaintiff contends, the "presentment" requirement has been met because she is a current recipient of SSI who has been notified by SSA that her benefits are at risk of being terminated. Because this is factual challenge to the Court's jurisdiction, it is Plaintiff's burden to prove that she has indeed "presented" her claim to SSA. As explained below, Plaintiff has not met that burden.

An individual is not eligible for SSI benefits "for any month during all of which such individual is outside the United States." 42 U.S.C. § 1382(f)(1). For purposes of the SSI Program, "after an individual has been outside the United States for any period of 30 consecutive days, he shall be treated as remaining outside the United States until he has been in the United States for a period of 30 consecutive days." *Id.* "[T]he United States" refers to the statutory definition of the United States as the fifty States, the District of Columbia, and the Northern Mariana Islands. *Id.* § 1382c(e); 48 U.S.C. § 1801; 20 C.F.R. § 416.120(c)(10).   It does not include Guam.  "[T]he first period of 30 consecutive days of absence is counted beginning with the day after the day the

---

[2] SSA also argues that even if Plaintiff had satisfied the statutory standing requirement of § 405(g), she lacks Article III standing to assert her claim, and it is unripe, because it depends entirely on the occurrence of a contingent set of facts—Plaintiff's absence from the United States for thirty days or more—that has not occurred, and that may never occur.

recipient departs from the United States and ending with the day before the day on which he or she returns to the United States." 20 C.F.R. § 416.1327(a).

Given this statutory and regulatory framework, SSA contends that because a suspension of SSI benefits can only take place after a beneficiary has been outside the United States for thirty days or longer, it must have a specific departure date in order to process any such suspensions. SSA asserts that in her June 5, 2019 phone call, Plaintiff neither provided SSA with any concrete travel plans and dates of travel with respect to a temporary visit to Guam, nor informed SSA of a specific date regarding a permanent move to Guam.

In support of its motion, SSA has submitted the declaration of one of its employees, Raenetta L. Ellison. Ms. Ellison's responsibilities include authoring, updating, and maintaining policies and instructions on residency, including suspensions for lack of residence in the United States. (Ellison Decl. ¶ 2.) She has access to SSA systems that permit her to review individual records that SSA maintains on beneficiaries. (*Id.*) After reviewing Plaintiff's SSI record, Ms. Ellison was able to confirm that the June 5, 2019 phone call took place. (*Id.* ¶ 3.) However, Plaintiff's record is devoid of any remarks regarding potential travel outside the United States. (*Id.*). Additionally, SSA has not made any payment changes to Plaintiff's record or sent any notices to Plaintiff regarding a future payment change. (*Id.*) If a technician had entered information that would change Plaintiff's payment status now or in the future, SSA systems would automatically generate a notice and store a copy of that notice on Plaintiff's record. (*Id.*) If a beneficiary reports a plan to move but does not have a definite move date, SSA's standard procedure would be to set an internal control to follow up. (*Id.*) According to Ms. Ellison, however, Plaintiff's record contains no information about developing or following up on the possibility that she would be travelling outside the United States. (*Id.*)

6

Based on this record, Plaintiff did not provide SSA with sufficient information to rule on a concrete claim. Specifically, Plaintiff's failure to furnish dates for a future visit or permanent move to Guam precludes SSA not only from starting the clock on Plaintiff's time outside the United States, but ultimately, from identifying the date on which Plaintiff's SSI benefits should be suspended. As the record reflects, SSA has not sent any notices to Plaintiff regarding a future termination of her SSI benefits.

Plaintiff does not dispute that she is still receiving SSI benefits. Instead, relying on *Kaplan v. Chertoff*, she argues that the "presentment" requirement is "interpreted liberally" and should be deemed satisfied because during the June 5, 2019 phone call, the SSA operator notified her that her benefits are at "risk of being terminated." 481 F. Supp. 2d 370, 381 (E.D. Pa. 2007). Even assuming that this allegation is true,[3] *Kaplan*, which involved SSI benefits for asylees and refugees, is inapposite for two reasons. *Id.* at 376.

First, the eligibility for SSI benefits for refugees and asylees is limited to a seven-year period. *Id.* at 376 (citing 8 U.S.C. § 1612(a)(2)). Presentation was deemed satisfied in that case because SSA issued annual notices to the *Kaplan* plaintiffs, indicating when their eligibility period began and reminding them that it will end seven years from that date. *Id.* at 380. Moreover, their benefits were automatically terminated at the end of the seven-year period. *Id.* Here, Plaintiff has not, and cannot, point to a specific date when her benefits would be terminated.

In addition, in *Kaplan*, the "risk" of the termination of the SSI benefits was due to administrative delays in processing residency applications for asylees and refugees, circumstances that were beyond their control. *Id.* at 376. By contrast, any risk of benefits' suspension here is

---

[3] Unlike a facial challenge to the Court's jurisdiction, Plaintiff's allegation that she was notified that her benefits are at risk of being terminated is not accepted as true for purposes of resolving the motion.

within Plaintiff's control. She alone decides whether she will be outside the "United States" for more than 30 days, and if so, when she will do so.

Plaintiff failed to "present" her claim to SSA because she did not afford SSA an opportunity to rule on a concrete claim and issue a final decision before filing this lawsuit. Having determined that Plaintiff failed to satisfy the statutory standing requirement of § 405(g), the Court need not reach SSA's arguments regarding Article III standing and ripeness. (*See supra* n.2.)

Because the Court lacks subject-matter jurisdiction in this matter, Plaintiff's action must be dismissed.

## IV.   CONCLUSION

Based on the foregoing, SSA's Second Motion to Dismiss (ECF No. 39) will be granted. An appropriate order will follow.

BY THE COURT:

Patricia L. Dodge
United States Magistrate Judge

Dated: February 26, 2020